IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        23-CR-749 WJ

EDWARD VALLEZ,

    Defendant.

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

COMES NOW Defendant, Edward Vallez, by and through his counsel of record, Joel R. Meyers, of the Law Office of Joel R. Meyers, LLC, and Shaheen P. Torgoley, of Ryan Rapp Pacheco and Sorenson, PLC, pursuant to Fed. R. Crim. P. 12(b)(3)(C) and the Fourth Amendment to the United States Constitution, and hereby respectfully moves the Court for an order suppressing all physical evidence obtained from the February 9th and 10th, 2023 searches of a Dodge Durango (NM reg. # BJJL14). As grounds, Defendant states:

**I.    FACTUAL BACKGROUND**

On February 9, 2023, Mr. Vallez was arrested after he was located near the scene of a car accident involving a vehicle registered to him. Notably, officers never observed Mr. Vallez driving the vehicle. Nor did they observe him inside of the vehicle after the crash. Officers did, however, encounter (and subsequently release) an individual who admitted to being in the vehicle prior to the crash. Nevertheless, Mr. Vallez alone was subsequently charged and indicted for unlawful possession of a controlled substance which had been found in the vehicle. *See* Doc. 4.

## II. ARGUMENT

### a. Mr. Vallez asserts standing to challenge the searches of the car registered to him.

"Fourth Amendment rights are personal and cannot be claimed vicariously." *United States v. Valdez Hocker*, 333 F.3d 1206, 1208 (10th Cir. 2003). "The proponent of a motion to suppress has the burden of adducing facts at the suppression hearing indicating that his own rights were violated by the challenged search." *United States v. Allen*, 235 F.3d 482, 489 (10th Cir. 2000). This "standing" question centers on the "classic Fourth Amendment test: whether the defendant manifested a subjective expectation of privacy in the area searched and whether society is prepared to recognize that expectation as objectively reasonable." *United States v. Eckhart*, 569 F.3d 1263, 1274 (10th Cir. 2009).

Here, Mr. Vallez was the registered owner of the vehicle in question. Accordingly, he has standing to challenge its search and seizure. *See generally Rakas v. Illinois*, 439 U.S. 128, 148-49 (denying standing to non-owner of vehicle); *United States v. Parada*, 577 F.3d 1275, 1280 (10th Cir. 2010) (declining to extend legitimate expectation of privacy to non-owners and those who did not claim a possessory interest at the suppression hearing).

### b. The government has the burden to demonstrate an exception to the warrant requirement.

Warrantless searches are "per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 34, 357 (1967). The government bears the burden that of proving that an exception to the warrant requirement applies. *See United States v. Edwards*, 632 F.3d 633, 643 (10th Cir. 2001) (internal citation omitted).

### c. Officers did not have probable cause to search the vehicle based solely upon the alleged traffic violation and subsequent crash.

The Fourth Amendment does not require the police to obtain a warrant to search an automobile only if they have probable cause to believe it contains contraband or evidence of criminal activity. *California v. Carney*, 417 U.S. 386, 394-95 (1985). An officer must have probable cause to believe that the vehicle contains contraband or other evidence of criminality to execute an automobile search. *See United States v. Forbes*, 528 F.3d 1273, 1277-78 (10th Cir. 2008) ("[T]he Fourth Amendment unquestionably prohibits the search of a vehicle's interior unless law enforcement officials receive consent, have a warrant, or otherwise establish probable cause to support the search.") Here, while the officers eventually did obtain a search warrant – on February 10, 2023 – this took place only after the officers performed what they characterize as a "tow inventory" on February 9, 2023.

The officers' statements that the officers performed a tow inventory is indicative that they did not otherwise have probable cause to search the vehicle on February 9, 2023. As more fully discussed below, the claimed inventory search was purely investigative in nature and was the only thing used to furnish probable cause for the warrant to search Mr. Vallez's vehicle on February 10, 2023.

### d. The "tow inventory" was not a proper inventory search.

While the Fourth Amendment typically requires a warrant to conduct a search, vehicle inventory searches pursuant to impoundment are an "exception to the warrant requirement of the Fourth Amendment." *Colorado v. Bertine*, 479 U.S. 367, 371 (1987); *accord United States v. Blaze*, 143 F.3d 585, 593 (10th Cir. 1998). Inventory searches are only valid, however, if conducted according to standardized criteria. *Florida v. Wells*, 495 U.S. 1, 4 (1990). An inventory search is invalid if it is undertaken for the "*sole* purpose of investigation." *Bertine*,

479 U.S. at 372 (emphasis added).  The inventory search is unconstitutional unless conducted "according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Id.; see also United States* v. *Haro-Salcedo*, 107 F.3d 769, 772 (10th Cir.1997) (inventory searches "are reasonable only if conducted according to standardized procedures").

The standardized criteria may not permit impoundment in all situations without consideration of alternatives to impoundment and tow.  *United States v. Sanders*, 796 F.3d 1241, 1249-50 (10th Cir. 2015).  An "inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence." *United States v. Martinez*, 512 1268, 1274 (10th Cir. 2008) (citing *Florida v. Wells*, 495 U.S. 1, 4 (1990)).  The government bears the burden of proving that its impoundment of a vehicle satisfies the Fourth Amendment.  *Sanders,* 796 F.3d at 1244 (citing *United States v. Ibarra*, 955 F.2d 1405, 1409) (10th Cir.1992)).

"Protection against unreasonable impoundments, even those conducted pursuant to a standardized policy, is part and parcel of the Fourth Amendment's guarantee against unreasonable searches and seizures."  *Id*. at 1250. "[R]easonable police ... inventory procedures administered in good faith satisfy the Fourth Amendment." *United States* v. *Taylor*, 592 F.3d 1104, 1108 (10th Cir. 2010) (internal citations omitted).  An inventory search is invalid if it is undertaken for the "*sole* purpose of investigation." *Colorado v. Bertine*, 479 U.S. 367, 372 (1987) (emphasis added). The government carries the burden of demonstrating reasonableness.  *United States v. O'Neil*, 62 F.4th 1281, 1292 (10th Cir. 2023) (internal citations omitted).

Here, it seems that the tow inventory was not done according to any policy as it appears to have been haphazardly conducted on the street.  This informal roadside "inventory" was

purely investigatory. Even if this was in accordance with a policy, such policy is unreasonable and is rife for abuse.

### e. The subsequent search warrant is tainted by the initial warrantless search.

Even though officers did eventually secure a search warrant to search the automobile, such search warrant was tainted by the initial warrantless search. The remedy for violation of the Fourth Amendment is suppression of evidence obtained during the illegal police conduct. *See United States v. Olivares-Rangel*, 458 F.3d 1104, 1108 (10th Cir. 2006). However, an individual "may also suppress any other evidence deemed to be 'fruit of the poisonous tree' … by showing the requisite factual nexus between the illegality and the challenged evidence." *Id*. at 1108-09 (internal quotation marks and citation omitted); *see also Wong Sun v. United States*, 371 U.S. 471 (1963) (statements and evidence obtained following an unlawful search and seizure must be suppressed). The key inquiry here is whether officers searched the vehicle by exploitation of the illegality of the unconstitutional search. *See United States v. Fernandez*, 18 F.3d 874, 876 (10th Cir. 1994).

In this case, Mr. Vallez asks the Court to suppress tangible evidence obtained during the February 10, 2023 search of Mr. Vallez's vehicle as such search was based directly upon the initial February 9, 2023 warrantless search of the vehicle under the guise of a tow inventory.

### III.   CONCLUSION

Officers lacked probable cause to search Mr. Vallez's vehicle after it was involved in a crash. The subsequent "tow inventory" was unlawfully done. The initial February 9, 2023 warrantless search, for which no exception applied, directly tainted the subsequent search on February 10, 2023. Accordingly, all physical evidence recovered from Mr. Vallez's vehicle must be suppressed.

WHEREFORE, for the foregoing reasons, Mr. Vallez respectfully requests that the Court enter an Order suppressing all physical evidence and for such other and further relief that the Court deems just and proper.

                Respectfully Submitted,

                /s/ *Joel R. Meyers*
                Joel R. Meyers
                The Law Office of Joel R. Meyers, LLC
                1000 Cordova Place, #930
                Santa Fe, NM 87505
                jrm@jrmeyerslaw.com
                (505) 847-7757

                */s/ Shaheen P. Torgoley*
                Shaheen P. Torgoley
                Ryan Rapp Pacheco & Sorenson, PLC
                3200 N. Central Avenue, Suite 2250
                Phoenix, Arizona 85012
                storgoley@rrpklaw.com
                (602) 707-1383

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of January 2024, I filed the foregoing electronically through the CM/ECF system, which caused Counsel for the Plaintiff to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Paul J. Mysliwiec
Nora Wilson
Assistant United States Attorneys
United States Attorney's Office
201 Third Street NW, Suite 900
Albuquerque, NM 87103

/s/ *Joel R. Meyers*